01129-55712-GDJ

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| RANDY OLIVER and JAMES FUTRELL, ) | |
| ) | |
| ) | Case No. 1-03-1021-T |
| Plaintiffs, ) | |
| ) | |
| V. ) | HONORABLE JAMES D. TODD |
| ) | |
| CITY OF JACKSON, TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## CONSENT DECREE AND PARTIAL SETTLEMENT BETWEEN PLAINTIFFS AND THE CITY OF JACKSON, TENNESSEE

WHEREAS Plaintiffs filed on August 8, 2003 an amended Complaint against the City of Jackson alleging violations of Title II of the Americans With Disabilities Act and Section 504 of the Rehabilitation Act, but the City of Jackson denies any violations of federal law; and,

WHEREAS the parties entered into settlement negotiations, and the parties have reached a partial resolution of the lawsuit.

THEREFORE, the parties agree and the Court hereby enters the following Consent Decree and Partial Settlement. The Parties enter into this during December, 2004.

1. **Future Resurfacing and Alteration.** Commencing January, 2005, the City of Jackson shall, to the maximum extent feasible, comply with all Americans with Disability Act requirements, including 28 C.F.R. §§ 35.151(b),(c),(e)(1) and (e)(2) and 28 C.F.R. Part


This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 2/11/05

01129-55712-GDJ

36, App. A §§ 4.7 and 4.8, whenever any City of Jackson streets, intersections, or sidewalks are altered[1] or resurfaced[2]. The City of Jackson also shall comply with these requirements as curb ramps[3] are installed into all resurfaced intersections of "streets, roads, highways, sidewalks and paths."[4] Also, these curb ramps shall be installed into intersections of each cross street that intersects with the alteration or resurfacing, so that sidewalks running parallel with the alteration or resurfacing are fully accessible to mobility-impaired person with disabilities[5]. The City of Jackson shall include in all bids and contracts for such work the specific requirements of the Americans with Disability Act, including 28 C.F.R. §§ 35.151(b),(c),(e)(1) and (e)(2) and 28 C.F.R. Part 36, App. A §§ 4.7 and 4.8. The City shall install all ramps during the same construction season as the resurfacing or alteration. **Annual Report of Compliance.** On or before January 30, 2005, the City of Jackson shall file a written report with the Court and with plaintiffs' Counsel, listing each intersection resurfaced during the previous year, and listing each sidewalk

---

[1] As used throughout this Consent Order, the term "alter" or "alteration" shall mean a change that affects the usability of the facility involved. See Kinney v. Yerusalim, 9 F.3d 1067 (3rd Cir. 1993)

[2] As used throughout this Consent Order, the term "resurface" shall have the definition given by the United States Department of Justice Title II Technical Assistance Manual § II-6.6000 "Resurfacing beyond normal maintenance is an alteration. Merely filing potholes is considered to be normal maintenance."

[3] As used throughout this Consent order, the term "curb ramp" includes curb cuts, wheelchair ramps, and any other sloped areas at the intersection of pedestrian walkways with streets, alleys, roads, highways and all other pathways.

[4] These are the relevant "facilities" as defined by the United States Department of Justice in its ADA Title II Technical Assistance Manual §II-6.6000.

[5] It is understood that compliance may be impossible for some sidewalks in the public right of way.

2

01129-55712-GDJ

altered, constructed or resurfaced during the previous year, and stating where new curb ramps have been installed as a part of these projects. Each report will contain a sworn certification that the City of Jackson has inspected each such project and that each corner in each project contains curb ramps that meet all standards set out in this paragraph.

2. **Listing of Resurfacing Between January 26, 1992 and July 2004.**

Within the next 180 days, the City of Jackson will Attach hereto as Exhibit 1 a complete listing by year and by location of all construction, alteration or resurfacing performed in Jackson during year 1992 through present, including the locations of any intersections with altered or resurfaced streets, roads, highways, sidewalks and paths. The listing shall include a statement of whether curb ramps at those intersections meet the ADA-ADAAG standards set out in paragraph 1 above, and if they do not, how they do not.[6] This listing shall also state whether or not the City intends to replace each non-conforming ramp or to leave it in place.[7] The listing will also state the location of any missing ramps. The City of Jackson will expressly state that it has reviewed all relevant records and information and warrant that the information on this listing is accurate. Plaintiffs do not waive any rights to challenge the accuracy of the listing, or to challenge the City's determination not to install or replace any ramp.

---

[6] Special attention shall be given to the measurement of the direct slope, the cross-slope, the juncture of the ramp and the street, and the level landing at the top and bottom of each ramp.

[7] This is only the City of Jackson's current planning. Plaintiffs do not agree that those ramps should remain uncorrected, and reserve the right to approach the Court for an order that ramps should be retrofitted.

3

01129-55712-GDJ

3. **Listing of City Facilities Constructed or Altered After January 26, 1992.**

The City of Jackson will within 180 days attach a listing of any and all facilities used by or on the behalf of the City of Jackson, that were constructed or otherwise altered at any time after January 26, 1992 to present. The City of Jackson will evaluate its facilities; identify the facilities that fail to meet the ADAAG standards; and state what actions the City intends to take to bring the facilities into full compliance with the ADAAG standards. The City of Jackson will expressly state that it has reviewed all relevant records and information and warrant that the information on this listing is accurate. Plaintiffs do not waive any rights to challenge the accuracy of the listing, or to challenge the City's determination whether or not to remediate any facility.

4. **Listing of Remaining City Facilities and/or City Programs and Services.**

Within 180 days, the City will attach a listing of remaining facilities (those not constructed or otherwise altered after January 26, 1992), as well as a listing of all "public" City programs and services. For each facility on this listing, the City will specifically state whether the facility is fully accessible, and what steps if any the City will take to improve accessibility. For each program or service, the City will specifically state whether the program or service achieves program accessibility as defined in 28 C.F.R. section 35.150 (a) and (b). The City of Jackson will expressly state that it has reviewed all relevant records and information and warrant that the information on this listing is accurate. Plaintiffs do not waive any rights to challenge the accuracy of the listing, or to challenge the City's determination whether or not to remediate any facility or City Program or Service.

4

01129-55712-GDJ

5.   **Negotiation of Final Scope of Remediation and Accuracy of Listings.**

When the City of Jackson presents and attached the listings described in paragraphs 2, 3, and 4 above, the parties shall take at least thirty days to attempt to agree on the accuracy and comprehensiveness of the listings, and to reach a time frame for any remediation that might by needed. In the even that full agreement can not be reached, the parties may submit any remaining issues to the Court for resolution.

6.   **This is a Partial Settlement.** The parties understand that the issues of the final time frames for retrofitting of intersections, sidewalks and facilities, for remediating lack of accessibility of services and programs, attorneys fees and costs are not resolved by the Consent Decree and Partial Settlement, and that these and other issues not specifically addressed in this Consent Decree remain for further resolution. The City of Jackson admits no liability by entering into this document.

7.   **Retention of Jurisdiction.** The parties and the Court agree that the Court shall retain jurisdiction to enforce any and all terms of this Consent Decree.

Read on This _____ Day of _____, 2004 and Approved for Form by:

5

01129-55712-GDJ

Respectfully submitted,

*[signature]*

Mayor Charles Farmer
City of Jackson
P.O. Box 2508
Jackson, TN 38302

*[signature]*

Gregory D. Jordan, BPR #010792
209 East Main Street
P.O. Box 1147
Jackson, TN 38302-1147
(731) 423-2414

*[signature]*

Kate E. Rhodes, BPR #022252
105 South Highland Avenue
P.O. Box 1147
Jackson, TN 38302-1147
(731) 423-2414

Attorneys for Defendants

*[signature]*

K. Cody Allison, BPR #020623
AmSouth Center, Suite 1550
315 Deaderick Street
Nashville, TN 37238
(615) 244-3331

*J. Todd Faulkner w/ Permission (CA)*

J. Todd Faulkner #20070
AmSouth Center, Suite 109
315 Deaderick Street
Nashville, TN 37238
(615) 244-3300

*J. Mark Finnegan w/ Permission (CA)*

J. Mark Finnegan, Esq.
Denise M. Heberle, Esq.
Heberle & Finnegan PLLC
2580 Craig Road
Ann Arbor, MI 48103
(734) 302-3233

Attorneys for Plaintiffs

6

01129-55712-GDJ

## CONSENT DECREE AND PARTIAL SETTLEMENT

All parties having agreed, and the Court having reviewed it and found it equitable,

IT IS HEREBY ORDERED that this CONSENT DECREE AND PARTIAL SETTLEMENT is ENTERED this 27th day of January, 2005. The Court will retain jurisdiction to enforce all terms of this Decree.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

7

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 46 in case 1:03-CV-01021 was distributed by fax, mail, or direct printing on February 1, 2005 to the parties listed.

---

Gregory D. Jordan
RAINEY KIZER BUTLER REVIERE & BELL
105 S. Highland Ave.
Jackson, TN 38301--114

K. Cody Allison
BUTLER KOHL & FAULKNER
315 Deaderick St.
Ste. 109
Nashville, TN 37238--010

J. Todd Faulkner
BUTLER KOHL & FAULKNER
315 Deaderick St.
Ste. 109
Nashville, TN 37238--010

Lewis L. Cobb
SPRAGINS BARNETT COBB & BUTLER
312 East Lafayette St.
Jackson, TN 38302--200

Honorable James Todd
US DISTRICT COURT