IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| **RANDY OLIVER,** | | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Case No. 1:03-cv-1021-T |
| | ) | |
| **CITY OF JACKSON,** | ) | |
| **TENNESSEE.** | ) | |
| **Defendant.** | ) | |

### FINAL CONSENT DECREE

WHEREAS Plaintiffs Randy Oliver, James Futrell, and James Ross filed, on January 22, 2003, a class action Complaint against the Cities of Jackson, Tennessee, Bartlett Tennessee, and Dyersburg, Tennessee, alleging violations of Title II of the Americans With Disabilities Act and Section 504 of the Rehabilitation Act.  Following this Court's ordered severance on July 25, 2003, the case proceeded against the City of Jackson, Tennessee, only.  Class certification was denied in October 2003.  Following thereafter Plaintiff, James Futrell died.  This case has proceeded since that time with Randy Oliver as the only Plaintiff.

WHEREAS the Court entered a Consent Decree and Partial Settlement Agreement on January 27, 2005, which is attached hereto as **Exhibit 1**;

WHEREAS this Final Consent Decree in no way affects the operation of the Consent Decree and Partial Settlement Agreement; and

WHEREAS the parties entered into settlement negotiations and the parties agreed to resolve this lawsuit in favor of the Plaintiff, Randy Oliver;

THEREFORE, on this 7th  day of February, 2014, the parties enter the following Final Consent Decree:

1. **<u>Future Resurfacing and Alteration.</u>** The City of Jackson shall ensure in year 2014 and thereafter that, whenever any City of Jackson street, intersection or sidewalk is altered or resurfaced,[1] such projects will comply with all Americans with Disability Act requirements, including 28 C.F.R. §§ 35.151(b), (c), (e)(1) and (e)(2) and 28 C.F.R. Part 36, App. A §§ 4.7 and 4.8. The City of Jackson also shall ensure that curb ramps[2] complying with these requirements are installed into all resurfaced intersections of "streets, roads, highways, sidewalks and paths".[3] Also, such curb ramps shall be installed into the intersections of each cross street that intersects with the alteration or resurfacing so that sidewalks running parallel with the alteration or resurfacing are fully accessible to mobility-impaired persons with disabilities.  The City of Jackson shall ensure that all bids and contracts for such work include the specific requirements of the Americans with Disability Act, including 28 C.F.R. §§ 35.151(b), (c), (e)(1) and (e)(2) and 28 C.F.R. Part 36, App. A §§ 4.7 and 4.8.  The City of Jackson shall ensure that all ramps are installed during the same construction season as the resurfacing alteration. Should any project be governed by the public right-of–way standards, if adopted, the city shall be able, at its own discretion to choose to comply with either the specific ADAAG regulations or right-of-way standards.

---

[1] As used throughout this Final Consent Decree, the term "resurface" shall have the definition given by the United States Department of Justice ADA Title II Technical Assistance Manual Section 11-6.6000 "Resurfacing beyond normal maintenance is an alteration - merely filling potholes is considered to be normal maintenance."

[2] As used throughout this Final Consent Decree, the term "curb ramp" includes curb cuts, wheelchair ramps, and any other sloped areas at the intersection of pedestrian walkways with streets, alleys, roads, highways, and all other pathways.

[3] These are relevant "facilities" as defined by the United States Department of Justice In its ADA Title II Technical Assistance Manual, Section 11-6.6000.

**Annual Compliance Reports.**[4] On or before January 31, during years 2015-2034, the City of Jackson shall file a written report with the Court listing each intersection resurfaced during the previous year; each sidewalk altered, constructed or resurfaced during the previous year; and the location of each new curb ramp installed or newly certified as compliant as part of these projects.  Each report will contain a sworn certification that the City of Jackson has inspected each such project and that each project contains curb ramps that meet all standards set out in this Section.  (All facilities owned, maintained, or controlled by the City of Jackson must comply with this section, regardless of whether any sidewalk or other facility was installed by the State of Tennessee.)

    **2.**   **Listing of Projects Completed Between January 26, 1992, and October, 2006.**  The City of Jackson has generated and attached hereto as **Exhibit 2** a complete listing, by year and location, all construction, alteration or resurfacing performed in Jackson, Tennessee, during years 1992 through October, 2006.  The listing includes the locations of any intersections with altered or resurfaced streets, roads, highways, sidewalks and paths.  The City of Jackson expressly states that it has reviewed all relevant records and information and hereby warrants that the information on this listing is accurate.  The City of Jackson certifies that the listing includes the following:  a statement of whether curb ramps at those intersections meet the ADA-ADAAG standards set out in Section 1 above, and, if they do not, how they do not;[5] whether or not the City of Jackson intends to replace each non-conforming ramp or leave it in place;[6] and the location of any missing

---

[4] All Annual Compliance Reports referenced in this agreement are based on a calendar year system.

[5] Special attention shall be given to the measurements of the direct slope, the cross slope, the juncture of the ramp and the street, and the level landing at the top and bottom of each ramp.

[6] This is only the City of Jackson's current planning; Plaintiff does not agree that the ramps should remain uncorrected and reserves the right to approach the Court for an Order that the ramps should be retrofitted.

ramps.  Plaintiff does not waive any rights he may have to challenge the accuracy of the listings or to challenge the City of Jackson's decision to not install or not replace any ramp.

3. **Time Table for Retrofitting Intersections Resurfaced Between January 26, 1992 and October, 2006.**  By the end of year 2028, all streets and sidewalks altered between January 26, 1992 and October, 2006 will contain curb ramps as described in Section 1. The City of Jackson estimates that this will include approximately 686 curb ramps, with locations set forth in **Exhibit 3** attached hereto.  Many have already been repaired. This time table will require 7% of the projects to be certified each year with a 2% variance per year allowable under this order.

**Annual Progress Reports.**  To guarantee adequate progress, the City of Jackson shall ensure that seven percent of these ramps will be certified in each year with a two percent variance allowed. The City of Jackson's compliance under this section may vary in the fifteen years provided, but must reasonably progress toward the goal of certifying compliance of all ramps.  On or before January 31 of each year, during years 2015-2029, the City of Jackson shall file a written report with the Court listing each intersection certified and the location of each ramp certified during the previous year.  Each report will contain a sworn certification that a progressive percentage (and what percentage) of these ramps have been newly certified during the previous year, that the City of Jackson has inspected each such curb ramp, and that each ramp meets or exceeds all standards set out in Section 1.

4. **Time Table For Retrofitting Defective Curb Ramps at Intersections Not Resurfaced Between January 26, 1992 and October, 2006.**  The City of Jackson has identified some additional defective curb ramps currently existing at intersections that were not resurfaced during years 1992 through October, 2006.  The locations of the

defective curb ramps are listed on **Exhibit 4** attached hereto. By January 1, 2029 the City of Jackson shall certify compliant each of these ramps with curb ramps meeting all requirements set out in Section 1.

**Annual Progress Reports.** To guarantee adequate progress, the City of Jackson shall ensure that seven percent of these ramps will be newly certified each year, with a two percent variance; and that all of the ramps will be certified compliant by January 1, 2029. On or before January 31 of each year, during years 2015-2029, the City of Jackson shall file a written report with the Court listing the location of each such ramp newly certified according to this Section during the previous year. Each report will contain a sworn certification that the City of Jackson has inspected each such curb ramp and that each ramp meets or exceeds all standards set out in Section 1.

5. **Time Table for Replacing Sidewalks.** The City of Jackson has identified City sidewalks that will be repaired/replaced. The location of each of these sidewalk sections is set forth in **Exhibit 5** attached hereto. The City of Jackson shall certify compliant all of these sidewalk sections no later than January 1, 2034.

**Annual Progress Reports.** To guarantee adequate progress, the City of Jackson shall ensure that five percent of these sidewalks are certified compliant each year with a two percent allowable variance. On or before January 31 of each year, during years 2015-2034, the City of Jackson shall file a written report with the Court listing each such sidewalk section newly certified according to this Section during the previous year. Each report will contain a sworn certification that a progressive percentage of these sidewalk sections have been certified compliant during the previous year and that the City of Jackson has inspected each such sidewalk section and that each meets or exceeds all standards set out in the ADAAG, 28 C.F.R. Part 36, Appendix A.

6. **Removal of Utility Poles, Barriers, and Other Obstructions.** By the end of year 2033 the City of Jackson shall ensure that all utility poles, barriers, and other obstructions are certified compliant in order to ensure unobstructed sidewalk coverage consistent with the ADA regulations. No utility poles, barriers, or other obstructions will exist on any sidewalk within the City of Jackson which prevent a compliant path of travel as defined in the ADAAG, ADAAG, 28 C.F.R. Part 36, Appendix A consistent with the ADA regulations.

**Annual Progress Reports.** To guarantee adequate progress, the City of Jackson shall ensure that five percent of the utility poles, barriers, and other obstructions will be certified compliant in each year with a two percent allowable variance. On or before January 31 of each year, during years 2015-2034, the City of Jackson shall file a written report with the Court listing the location of each such utility pole newly certified and each remaining sidewalk section newly certified according to this section during the previous year. Each report will contain a sworn certification that a progressive percentage of these sidewalk sections have been retrofitted during the previous year, that the City of Jackson has inspected each such sidewalk section, and that each meets or exceeds all standards set out in the ADAAG, 28 C.F.R. Part 36, Appendix A.

7. **City of Jackson Buildings.** City of Jackson buildings will be certified compliant according to the Transition Plan attached hereto as **Exhibit 6**, unless the parties agree otherwise in writing or unless the Court otherwise orders.

8. **Attorneys' Fees and Costs.** All parties acknowledge that the Plaintiff is seeking attorneys' fees and costs. The Plaintiff's attorneys' fees will be submitted in writing to the City of Jackson prior to the signing of this Final Consent Decree. If the parties are unable to reach an agreement on Plaintiff's attorneys' fees and costs, the parties may agree to execute the Final Consent Decree and litigate the issue of attorneys'

fees and costs as a separate matter before the Court. The City of Jackson agrees to pay all court costs associated with this lawsuit.

9. **Release of Claims.** Plaintiff agrees to release the City of Jackson from any and all legal claims for equitable relief for all facilities resurfaced, built or otherwise altered during the time period from January 26, 1992 through present that could have been raised in this lawsuit, subject to compliance with all terms and conditions set forth in this Final Consent Decree.

10. **Enforcement and Retention of Jurisdiction.** The parties are bound by this Final Consent Decree upon execution. Once the Court enters this Final Consent Decree, it shall expressly retain jurisdiction in this matter to enforce the terms and conditions of the Final Consent Decree, as well as the earlier Consent Decree and Partial Settlement Agreement, and to resolve any disputes arising from interpretation or implementation of either document.

11. **Modification and Amendment.** Neither this Final Consent Decree nor the Consent Decree and Partial Settlement Agreement may be modified or amended except upon order of the Court or in writing signed by all parties or their duly authorized representatives.

12. **Omitted Facilities.** The parties acknowledge and otherwise agree that all City of Jackson facilities shall be made ADA (Title II) compliant pursuant to the terms of this Final Consent Decree and the applicable regulations, regardless of whether they are specifically listed in this Final Consent Decree or in any Exhibits hereto.

13. **Standard for Modifications.** All modifications made by the City of Jackson pursuant to the terms of this Final Consent Decree must meet all regulations outlined in 28 C.F.R. Parts 35 and 36, which fall within the scope of this lawsuit.

RAINEY, KIZER, REVIERE & BELL, P.L.C.

s/John D. Burleson
John D. Burleson
Nathan Evan Shelby
105 South Highland Avenue
Jackson, TN  38302
(731) 423-2414
*Attorneys for City of Jackson*

s/K. Cody Allison (per telephone consent dated 2/6/14)
K. Cody Allison, #20623
AmSouth Center, Suite 1550
315 Deaderick Street
Nashville, TN3723B-15SO
(615)244-3331
*Attorney for the Plaintiff, Randy Oliver*

s/J.Todd Faulkner (per telephone consent dated 2/6/14)
J.Todd Faulkner, #20070
2501 Crossfield Drive
Nashville, TN 37214
(615)391-4100
*Attorney for the Plaintiff, Randy Oliver*

## FINAL CONSENT DECREE

All parties being in agreement and the Court having reviewed the Final Consent Decree and found it equitable, IT IS HEREBY ORDERED that this FINAL CONSENT DECREE is ENTERED this <u>7th</u> day of <u>February</u>, 2014.

The Court will retain jurisdiction to enforce all terms of this Decree.


<u>s/James D. Todd</u>
James D. Todd
UNITED STATES DISTRICT JUDGE